Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUANITA MICHELLE HARRIS,<br><br>Defendant. | NO. 3:06-cr-00061-01-RRB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF JUANITA HARRIS'S JOINDER IN MOTION TO SUPPRESS EVIDENCE DERIVED FROM SEARCH WARRANT NO. 3ANS-06-607-SW** |

**I.      Introduction.**

Gerald H. Drew has filed a motion that, *inter ali*, seeks suppression of all evidence derived from the May 18, 2006, search of a residence located at 10270 Tartan Circle in Anchorage, Alaska pursuant to a state court search warrant.  *See* Docket Nos. 33, 34, and 35.  Juanita Harris joins in this motion because search warrant 3ANS-06-0607-SW was obtained in violation of the Fourth Amendment.

**II.     Search Warrant 3ANS-06-0607-SW Violated The Fourth Amendment Because It Failed To Establish Probable Cause To Believe That Evidence Of Criminality Would Be Found In The Place To Be Searched.**

The Fourth Amendment establishes that "the right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated and no warrants shall issue, but upon probable cause." U.S. Const. amend IV. Ms. Harris respectfully submits that the supporting affidavit does not establish probable cause to believe the items sought, namely weapons, drugs, and materials associated with drug trafficking would be found at 10270 Tartan Circle.

While the police may have suspected that Juanita Harris had sold drugs to an undercover informant at a variety of public locations, the supporting affidavit failed to provide a substantial for concluding that anything related to these events would be found at 10270 Tartan Circle.

The law is settled that probable cause to believe that a suspect has committed a crime is not by itself sufficient to obtain a warrant to search a particular location. *United States v. Pitts*, 6 F.3d 1366, 1369 (9th Cir. 1993); *United States v. Ramos*, 923 F.2d 1346, 1351 (9th Cir. 1991). Rather, the supporting affidavit must establish a reasonable nexus between the items sought and the place to be searched. *United States v. Pitts*, 6 F.3d at 1369; *United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir. 1991).

In the present case, the supporting affidavit alleged that between May 3, 2006, and May 16, 2006, Ms. Harris sold cocaine base to an undercover informant working for the police on three occasions. The sales were conducted at various business parking lots in Anchorage and not at 10270 Tartan Circle.

In an effort to establish a connection between Ms. Harris's alleged misconduct and 10270 Tartan Circle, the supporting affidavit states in a conclusionary fashion that Ms. Harris appeared to reside at 10270 Tartan Circle. This conclusion was in turn based solely on a claim that the officer saw Ms. Harris leaving 10270 Tartan Circle at 11:35 p.m. on May 3, 2006 [SW ¶ 9],[1] and later arrive at 10270 Tartan Circle on May 15, 2006, at 7:34 a.m. [SW ¶ 20] The conclusion also appears to be based on a claim that the officer saw the vehicle driven by Ms. Harris parked in front of or near 10270 Tartan Circle on four other occasions:

- parked at the curb in front of 10270 Tartan Circle on May 6, 2006, at 7:56 p.m. [SW ¶ 12];

- present in the area of 10270 Tartan Circle on May 9, 2006, at 11:50 a.m. [SW ¶ 13];

- pulled into the drive way of 10270 Tartan Circle on May 13, 2006, at 11:30 p.m. [SW ¶ 19]; and

- parked at the curb in front of 10270 Tartan Circle on May 17, 2006. [SW ¶ 23]

At best, the supporting affidavit establishes that Ms Harris may have sold narcotics to an undercover agent on three occasions in public places not in any way associated with 10270 Tartan Circle. The supporting affidavit wholly fails to establish that 10270 Tartan Circle was Ms. Harris's residence, she regularly resided there, that she maintained belongings there, or that weapons, drugs, or materials associated with drug trafficking would be found at this location. Indeed, there is no suggestion that Ms. Harris received mail at this residence, that she owned or leased this

---

[1] The supporting affidavit at issue is appended as Exhibit C to the memorandum supporting Mr. Drew's motion to suppress evidence and motion to dismiss the indictment at Docket Nos. 34 and 35.

residence, or that the various utilities associated with the property were in her name. In sum, the supporting affidavit fails to establish a nexus between Ms. Harris's alleged criminal activity and 10270 Tartan Circle.

For this reason, the affidavit failed to establish probable cause that the items sought would be found in the place to be searched.

### III.   Ms. Harris's Status As An Overnight Guest Establishes That She Had A Reasonable Expectation Of Privacy That Was Violated On May 18, 2006.

Police executed Search Warrant 3ANS-06-0607-SW in the morning hours of May 18, 2006. Ms. Harris was found laying on the bed in the master bedroom of the residence dressed only in lingerie. *See* Exhibit A (Detective Von Daltron's Official Report on execution of the search warrant).

The Fourth Amendment protects people and not places. *Katz v. United States*, 389 U.S. 347, 351 (1967). A person may invoke the protections of the Fourth Amendment only if he or she can demonstrate a legitimate expectation of privacy in the place to be searched. *Smith v. Maryland*, 442 U.S. 735, 740 (1979). This expectation is established where the person can show a subjective expectation of privacy that is objectively reasonable. *United States v. Ziegler*, 456 F.3d 1138, 1143 (9th Cir.2006). Courts have long recognized that an overnight guest has a reasonable expectation of privacy in the premises that is protected by the Fourth Amendment. *Minnesota v. Olson*, 495 U.S. 91, 96-97 (1990).

As the Affidavit of Ms. Harris documents, she was legitimately present at 10270 Tartan Circle as an overnight guest.  (*See* Exhibit B, Affidavit of Juanita Harris.)  As such, she had a reasonable expectation of privacy that was protected by the Fourth Amendment.

**IV.    The Good Faith Exception Cannot Save This Warrant Because There Was No Reasonable Basis For Concluding That Any Of The Items Sought Would Be Found At 10270 Tartan Circle.**

The government may contend that even though the warrant in this case lacked probable cause, the evidence obtained pursuant to it does not necessarily have to be suppressed.  In *United States v. Leon*, 468 U.S. 897, 913 (1984), the court created an exception to the exclusionary rule where the officers requesting and executing the warrant acted in "good faith" reliance on the issuing magistrate's initial probable cause determination.  The standard for assessing "good faith" is an objective one and it "requires that the officers have a reasonable knowledge of what the law prohibits."  *Id.* 919-20 n. 20.  An officer does not "manifest objective good faith in relying on a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."  *Id.* at 899.

In the present case, it is the long-standing principles related to a nexus between the place to be searched and the items there sought that renders official reliance on this warrant objectively unreasonable.  The objective unreasonableness stems precisely and directly from the complete absence of any substantial basis for a reasonable belief that the items sought would be found at 10270 Tartan Circle.  *Cf. United States v. Weber*, 923 F.2d 1338, 1345 (9th Cir. 1991) (good faith does not save pornography search warrant where there was no basis for inferring that the defendant ever possessed pornography).

For this reason, the good faith exception to the warrant requirement will not save this warrant.

## V.     Conclusion.

For all these reasons, Ms. Harris asks that all evidence derived from execution of Search Warrant 3ANS-06-0106-SW be suppressed.

DATED at Anchorage, Alaska this 20th day of September 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:      907-646-3400
Fax:           907-646-3480
E-Mail:      kevin_mccoy@fd.org

Certification:
I certify that on September 20, 2006,
a copy of ***Memorandum of Law in Support
of Juanita Harris's Joinder in Motion
to Suppress Evidence Derived from Search
Warrant No. 3ANS-06-607-SW*** was served
electronically on:

Frank Russo
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

Ronald A. Offret, Esq.
Counsel for Defendant Gerald H. Drew
1029 West Third Avenue, Suite 280
Anchorage, AK 99501

s/Kevin F. McCoy