Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUANITA MICHELLE HARRIS,<br><br>Defendant. | NO. 3:06-cr-00061-01-RRB<br><br>**JUANITA HARRIS'S OBJECTIONS TO THE RECOMMENDATION AT DOCKET NO. 49** |

I.      **Introduction.**

Juanita Harris respectfully objects to the recommendation at Docket No. 49 for two reasons.  First, the supporting affidavit failed to provide a reasoned basis for searching 10270 Tartan Circle as opposed to the other locations mentioned in the supporting affidavit.  Second, material information available to law enforcement was recklessly omitted from the affidavit.  A *Franks* hearing is therefore required because the material omissions are fatal to the issuing magistrate's probable cause finding.

**II.     The Supporting Affidavit Failed To Provide A Reasoned Basis For Searching 10270 Tartan Circle.**

Probable cause exists when, considering the totality of the circumstances, the affidavit shows that there is a fair probability that contraband will be found at a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The issuing magistrate is permitted to draw reasonable inferences about where evidence is likely to be kept based on the nature of the evidence and the type of offense alleged. *United States v. Garza*, 980 F.2d 546, 551 (9th Cir. 1992). The Ninth Circuit has long recognized that it is reasonable for magistrates to infer that evidence of drug trafficking activity is likely to be found where the drug trafficker lives. *United States v. Fernandez*, 388 F.3rd 1199, 1254 (9th Cir. 2004).

Here, the facts connecting Ms. Harris to 10270 Tartan Circle are tenuous at best. The car she drove was seen at various times over a two-week period near this residence and she was seen walking out of the residence on one occasion. However, these observations were made hours after the events when there was no basis offered for concluding that it is reasonable to look for evidence of drug trafficking at 10279 Tartan Circle rather than at her actual residence of 8871 Cordell Circle, # 2, Anchorage, Alaska. *Id.*

**III.    A *Franks* Hearing Is Required.**

Ms. Harris respectfully submits that a *Franks* hearing is required. *Franks v. Delaware*, 438 U.S. 154 (1978) holds that an evidentiary hearing is required if the accused makes a substantial preliminary showing that one or more facts were deliberately or recklessly omitted that

would have been material to probable cause finding. *See e.g. United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985), *amended*, 769 F.2d 1410 (9th Cir. 1985).

> By reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw. To allow a magistrate to be misled in this manner could denude the probable cause requirement of all real meaning.
>
> Clear proof of deliberate or reckless omissions is not required. Such proof is reserved for the evidentiary hearing. At this stage, all that is required is that the defendant make a substantial showing that the affiant intentionally or recklessly omitted facts required to prevent technically true statements in the affidavit from being misleading.

*Id.* at 781, *cited with approval*, *United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000).

The supporting affidavit recklessly omitted the following facts material to the issuing magistrate's probable cause finding in this case:

- In mid-March the law enforcement team involved in this case obtained a copy of Ms. Harris's Alaska Operator's License for the purpose of conducting a photo line up. *See* Exhibit A, pg. 4, ¶ 3;

- This operator's license indicates that Ms. Harris's address is 8871 Cordell Circle, # 2, Anchorage, Alaska 99502;

- On May 3, 2006, the law enforcement team involved in this case observed Ms. Harris conduct a cocaine base sale from a 1999 Chevrolet Tahoe with Alaska License Plate Number EJT-630; *See* Exhibit A, pg. 5, ¶ 7;

- On information and belief, the law enforcement team "ran" this license plate number and determined that the 1999 Chevrolet Tahoe was registered to Ms. Harris and that her mailing and residential address is 8871 Cordell Circle, # 2, Anchorage, Alaska 99502; *See* Docket No. 42 (Notice of Filing by Ms. Drew with attached printout from Alaska DMV);

- On May 3, 2006, the law enforcement team involved in this case observed Ms. Harris leave 10270 Tartan Circle at 11:35 p.m. and that the Chevrolet Tahoe with Alaska License Plate Number EJT-630 was seen parked at or near 10270 Tartan Circle on a number of occasions over the next 15 days;

- On information and belief, the law enforcement team involved in this case investigated the residence at 10270 Tartan Circle and determined that it was owned by Yong H. Drew;

- On information and belief, the law enforcement team involved in this case investigated the residence at 10270 Tartan Circle and determined that utility bills associated with this residence were in the name of Yong H. Drew.

Because, the supporting affidavit omitted all of these facts, a *Franks* hearing is required.

DATED at Anchorage, Alaska this 13th day of October 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     kevin_mccoy@fd.org

Certification:
I certify that on October 13, 2006,
a copy of ***Juanita Harris's Objections
to the Recommendation at Docket No. 49***
was served electronically on:

Frank Russo
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

Ronald A. Offret, Esq.
Counsel for Defendant Gerald H. Drew
1029 West Third Avenue, Suite 280
Anchorage, AK 99501


s/Kevin F. McCoy