**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUANITA MICHELLE HARRIS and GERALD DREW,<br><br>Defendants. | 3:06-CR-00061-RRB<br><br>**FINAL RECOMMENDATION**<br>**REGARDING**<br>**MOTIONS TO SUPPRESS**<br><br>Documents 33 & 37 |

  Defendant Gerald Drew has timely filed objections to the pending recommendation addressing his motion to suppress. Docket entry 51. Co-defendant Juanita Harris also filed objections to the recommendation at docket entry 52 and joined Drew's objections to the recommendation at docket entry 53. The government did not file a response. Upon due consideration of the objections, the magistrate judge declines to modify the recommendation that the motions to suppress be denied.

The defendants repeat their argument that detective G.K. Dorr's affidavit in support of the application for a search warrant for the premises at 10270 Tartan Circle lacks probable cause.  To the contrary, the magistrate judge has concluded that the affidavit contains sufficient factual allegations to permit the issuing magistrate to draw reasonable inferences that evidence of drug trafficking would be found at that premises.  As defendant Drew states in his objections to the recommendation: "Nowhere in Dorr's affidavit does he assert that Harris lives or resides at that address, but only that she was 'staying there.'"  Docket entry 51, p.2.  Defendant Drew further argues that the Dorr affidavit shows at most that Harris was an overnight visitor/guest of Drew.  Docket entry 51, p.5.  Considering the totality of the circumstances alleged in the Dorr affidavit, Harris was sufficiently connected to the Tartan Circle residence and the sale of cocaine.

The defendants object that no <u>Franks</u> hearing was conducted by the magistrate judge.  In addition to the untimely request, the motion did not allege disputed material facts warranting such a hearing.  The observations of the officer set forth in the Dorr affidavit show that Harris was likely involved in drug dealing at 10270 Tartan Circle regardless of who owned the residence or what Harris's reported address may have been on Harris's Alaska driver's license.  Furthermore, an insufficient showing was made to warrant a <u>Franks</u> hearing on grounds that the warrant may have been obtained using intentional or reckless false statements in the affidavit.  To be entitled to a <u>Franks</u> hearing, a defendant must make a substantial preliminary showing

in this regard that the affidavit contains intentionally or recklessly false statements, and that the affidavit purged of its falsities would not be sufficient to support a finding of probable cause. Such a showing was not made. Even with the omitted facts that the residence was owned Yong H. Drew or that the Department of Motor Vehicle records reflected that the Chevrolet Tahoe driven by Harris was registered to her at a mailing and residential address of 8871 Cordell Circle, #2, this could not have stripped the affidavit of its showing of probable cause or mislead a neutral magistrate in finding probable cause for the search warrant issued. Accordingly, the motions to suppress should be denied. This matter is now referred to the assigned district judge for his determination.

        DATED this <u>Twentieth</u> day of October, 2006, at Anchorage, Alaska.

                              /S/
                      JOHN D. ROBERTS
                      United States Magistrate Judge