NELSON P. COHEN  
United States Attorney

FRANK V. RUSSO  
Assistant U.S. Attorney  
Federal Building & U.S. Courthouse  
222 West Seventh Avenue, #9, Room 253  
Anchorage, Alaska  99513-7567  
(907) 271-5071  
(907) 271-1500 (fax)  
Frank.Russo@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:06-cr-00061-01-RRB |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | UNITED STATES SENTENCING |
| JUANITA M. HARRIS, ) | MEMORANDUM |
| ) | |
| Defendant. ) | |

**SUMMARY OF SENTENCING RECOMMENDATIONS**

**TERM OF IMPRISONMENT** . . . . . . . . . . . . . . . . . . . . . . **106 MONTHS**

**SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . . . . . . . **5 YEARS**

**SPECIAL ASSESSMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . **$100.00**

The United States Probation Office ("USPO") has prepared a presentence investigation report ("PSR") in this case. The government does not dispute the factual findings of the USPO.

## I.     BACKGROUND

### A.     Investigation and Arrest of the Defendant[1]

In January 2005, investigators with the Drug Enforcement Administration began working with a confidential source (the "CS") regarding the cocaine trafficking activities of Lisa Harris. The CS began providing information regarding the cocaine trafficking activities of Lisa Harris, among others, in the hopes of receiving consideration for potential state drug charges. On March 14, 2006, the CS purchased approximately 12 grams of cocaine base from Lisa Harris, whose source for the purchase was identified as the defendant Juanita M. Harris. The CS advised Anchorage Police Detective Gordon Dorr that the CS could buy cocaine directly from the defendant; Detective Dorr began an investigation of the defendant.

On May 3, 2006, the CS arranged to purchase crack cocaine from the defendant at a parking lot in Anchorage. The defendant arrived driving a 1999

---

[1]     The facts set forth herein are taken from the PSR as well as evidentiary hearings held in this case.

Chevrolet Tahoe, with a small child in a passenger seat.  The defendant attempted to give the CS powdered cocaine, which the CS refused; the defendant then offered to get the CS crack cocaine in 15 minutes.  The defendant drove away, and investigators ultimately followed the defendant to a Fred Meyer's parking lot in Anchorage, where the CS made contact with her co-defendant Gerald Drew.  After meeting with Drew, the defendant rejoined the CS.  The CS then met with the defendant in the Tahoe, where the defendant sold the CS 12.8 grams of crack cocaine.

On May 11 and 17, 2006, the CS made controlled purchases cocaine powder weighing 15.2 grams and 12.8 grams, respectively. On May 18, 2006, investigators executed a search warrant on 10270 Tartan Circle, where both Drew and Harris were believed to be staying, as well as a search warrant on the defendant's vehicle.   Both Drew and the defendant were inside the Tartan Circle residence.  Police recovered multiple firearms, including a .25 caliber pistol from a purse belonging to the defendant.  Cocaine and money were also found in the purse.  Seven other firearms, as well as cocaine, money, and drug paraphernalia were found in the house.

     **B.**    **The Plea Agreement and Plea**

By plea agreement dated November 8, 2006, the defendant entered guilty pleas to distribution of cocaine, as set forth in Count 4 of the Indictment, and possession of a firearm during and in relation to a drug trafficking crime, as set forth in Count 6 of the indictment.  The defendant admitted that she sold five grams or more of cocaine base, as well as cocaine powder, during the offense conduct.  The United States estimated her base offense level as 26, and her advisory guideline range at 46 to 57 months on the drug count, followed by a consecutive 60 months on the firearms count, for a total advisory guideline range of 106 - 117 months.  See Plea Agreement, p. 7.  The defendant pled guilty on November 9, 2006.

## II.   GUIDELINE APPLICATIONS

### A.   Base Offense Level

The USPO has found that the defendant additionally should be held accountable for the March 14 sale of cocaine base, as well as the other sales set forth in the plea agreement.   The defendant has objected to the March 14 sale being included in her guideline calculation.  While the United States submits that the information contained in the PSR is correct, the United States elects not to introduce evidence regarding this sale due to an ongoing separate investigation.  Pursuant to U.S.S.G. § 2D1.1(c)(6), the defendant's base offense level is 26.

**B.    Acceptance of Responsibility**

The government recommends a three level decrease in the defendant's base offense level. The defendant's total adjusted offense level is therefore 23. The USPO calculated that the defendant's criminal history category is I. Accordingly, her advisory guideline range for the drug offense is 46 to 57 months. Adding in the mandatory minimum five-year consecutive sentence for the 18 U.S.C. § 924(c) conviction, the defendant's total advisory guideline range is 106 to 117 months.

**III.    APPLICATION OF 18 U.S.C. § 3553(a)**

Application of the factors set forth in 18 U.S.C. § 3553(a) supports the imposition of a sentence within the guideline range. The nature of the offense is serious, given the number of non-sporting firearms found in the Tartan Circle home, amidst drugs, paraphernalia, and money. More troubling is that the defendant apparently saw fit to take her small child with her to drug deals. See PSR, ¶¶ 23, 27, 36. Both the defendant and her co-defendant appeared to mix cocaine trafficking, firearms, and small children – a combination that has proved lethal in the past.

It is also noteworthy that the defendant already has received mitigation of her potential sentence. But for the plea agreement, she would have faced a mandatory minimum 120 months of incarceration. However, based on her lack of

criminal history and her apparent secondary role to her co-defendant, the United States offered a plea that would allow a sentence under ten years.  In addition, by not pressing the additional two level enhancement for the March crack cocaine purchase, the defendant's advisory guideline sentence has been reduced.   Based on the PSR, the defendant had a difficult childhood; her association with her cousin Lisa, as well as her choice to associate with Gerald Drew, made matters worse.

## IV. CONCLUSION

On balance, the United States submits that a 106 months sentence is appropriate. This takes into account her subservient role to her co-defendant Gerald Drew (who received 130 months), while taking into account the seriousness of the offense, the endangerment of her child, as well as the danger to the community. Four years of supervised release and $200 in special assessments is mandatory.

RESPECTFULLY SUBMITTED this  1st  day of March, 2007 in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/ Frank V. Russo
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska  99513-7567
(907) 271-5071
(907) 271-1500 (fax)
Frank.Russo@usdoj.gov

I declare under penalty of perjury that a true and correct copy was sent to counsel of record on March 1, 2007, via Electronic case filing notice:

Executed at Anchorage, Alaska, on October 10, 2006

s/ Frank V. Russo
Office of the U.S. Attorney